**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000551
18-DEC-2024
08:05 AM
Dkt. 101 SO**

NO. CAAP-21-0000551

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


BOSKO PETRICEVIC, Plaintiff/Counterclaim
Defendant-Appellant, v.
NAN, INC., a domestic profit corporation;
PATRICK SHIN, Defendants/Counterclaimants–Appellees, and
JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10;
DOE PARTNERSHIPS 1-10; DOE UNINCORPORATED ORGANIZATIONS 1-10;
and DOE GOVERNMENTAL AGENCIES 1-10,
Defendants–Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CCV-19-0002008)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka and McCullen, JJ.)

Plaintiff/Counterclaim Defendant-Appellant Bosko

Petricevic (**Petricevic**), a lawyer representing himself, appeals

from the September 10, 2021 Final Judgment entered by the Circuit

Court of the First Circuit (**Circuit Court**).[1]  He also challenges

the March 11, 2020 Order Denying [Petricevic's] Motion to Dismiss

[(**MTD**)] Defendants/ Counterclaim Plaintiffs' Counterclaim (**Order

Denying MTD**); June 28, 2021 Order Denying [Petricevic's] Motion

for Summary Judgment [(**MSJ**)] as to Defendants/Counterclaim

Plaintiffs' Counterclaims (**Order Denying MSJ**); July 30, 2021

_____

[1]      The Honorable James H. Ashford presided.

Order Granting in Part and Denying in Part [Petricevic's] Motion in Limine No. 2 to Exclude Use of or Reference to Any HRE Rule 408 Settlement Communications (**Order Re MIL 2**); and July 30, 2021 Order Denying [Petricevic's] Motion in Limine No. 4 to Prohibit Reference to or Questions About [Petricevic's] Other Unrelated Legal Claims and/or Lawsuits (**Order Denying MIL 4**).

Petricevic raises seven points of error on appeal, contending that the Circuit Court erred in: (1) denying Petricevic's MTD and MSJ; (2) granting Defendant/Counterclaim Plaintiff-Appellee Nan, Inc. and Defendant/Counterclaim Plaintiff-Appellee Patrick Shin (**Shin**) (collectively, **Defendants**) six peremptory challenges during the jury selection process and only three to Petricevic in violation of Hawaii Revised Statutes (**HRS**) § 635-29 (2016); (3) denying Petricevic's request to present rebuttal; (4) denying Petricevic's request to be called back onto the witness stand for re-direct examination; (5) entering the Order Re MIL 2 and the Order Denying MIL 4; (6) allowing Defendants to introduce evidence of a termination letter from Petricevic's subsequent job; and (7) giving jury instructions regarding the definition of "employment at will."

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Petricevic's points of error as follows:

(1) Petricevic argues that the Circuit Court erred in denying his MTD and MSJ because it was clear that Defendants' counterclaims were frivolous and the denial of the motions

2

created an "unfair trial" for him because it allowed Defendants to effectively double-team him. As to his entitlement to a judgment as a matter of law, Petricevic relies almost entirely on the fact that he ultimately prevailed on the counterclaims, with a stipulated dismissal of the Wrongful Disclosure of Privileged Communications (Count I) and Abuse of Process (Count III) counterclaims. The jury found in favor of Petricevic on the False Light (Count II) counterclaim. However, he offers no record cites, and only offers legal authority related to the Abuse of Process claim, to support his contention that he should have been granted judgment as a matter of law on all three counterclaims. Generally, the denial of a motion to dismiss or motion for summary judgment is unreviewable after the moving party prevails at trial. Takayama v. Zera, No. 27900, 2010 WL 973484, at *4 (App. Mar. 18, 2010)(SDO); 5 C.J.S. *Appeal and Error* § 875 (2024). Here, although Petricevic alleges broadly that he was harmed by the denial of his motions, because two defense lawyers participated at trial, he fails to point to any particular instance(s) where he was prejudiced. Importantly, Petricevic has not demonstrated that the Circuit Court erred in denying summary judgment on all three of the Counterclaims. For these reasons, we conclude that Petricevic's first point of error is without merit.

(2) Petricevic argues that the Circuit Court erred in granting three peremptory challenges to each of the Defendants and three peremptory challenges to Petricevic in violation of HRS

§ 635-29. Regarding the allocation of peremptory challenges, HRS § 635-29(b) provides:

> (b) In civil cases each party shall be allowed to challenge peremptorily three jurors, without assigning any reason therefor. Where there are two or more plaintiffs or two or more defendants, they may be considered as a single party for the purposes of making peremptory challenges, or the court may allow additional peremptory challenges and permit them to be exercised separately or jointly. If additional peremptory challenges are allowed to the parties on one side, the opposing party or parties may be allowed additional peremptory challenges.

Accordingly, the Circuit Court exercised its discretion within the statutory parameters. Regarding whether a trial court erred in allocating peremptory challenges, the Hawaiʻi Supreme Court has held:

> "The determination of whether the trial court erred in allocation [of peremptory challenges] is made at the time it makes its decision and not upon hindsight." American Cyanamid Co. v. Frankson, 732 S.W.2d 648, 653 (Tex. Ct. App. 1987) (citation omitted). Moreover,

> a judgment will not be reversed unless the error in awarding peremptory challenges to a litigant, or to multiple litigants having the same interest, is shown to be prejudicial. In order to prove the existence of prejudice, the complaining party must show that it exhausted his peremptory challenges and that a prospective juror, who the challenging party would have otherwise stricken, served on the jury.

> Carter v. Tom's Truck Repair, Inc., 857 S.W.2d 172, 177-78 (Mo. 1993) (citations omitted).

Kawamata Farms, Inc. v. United Agri Products, 86 Hawaiʻi 214, 245, 948 P.2d 1055, 1086 (1997).

Here, during jury selection, Petricevic exercised his three peremptory challenges, and Defendants collectively exercised five peremptory challenges. Petricevic generally asserts that if he had additional peremptory challenges, he would have exercised them. However, Petricevic fails to specify a prospective juror that he would have stricken who served on the jury. Petricevic has not demonstrated that he was prejudiced by

4

the Circuit Court's allocation of peremptory challenges. <u>See</u> <u>id.</u> Therefore, we conclude that the Circuit Court did not err with respect to the peremptory challenges.

(3) & (4) Petricevic argues that the Circuit Court erred in denying his request to put forward his rebuttal case, and/or allow *further* redirect of Petricevic. On appeal, Petricevic does not identify any witnesses other than himself that he sought to call back to the stand for rebuttal.

We first note that testimony commenced on July 13, 2021, and Petricevic testified for the entire day on July 13, July 14, and July 15. On the second day of testimony, the parties agreed to allow Petricevic to provide more expansive answers to yes or no questions in cross-examination. In conjunction with this, the Circuit Court warned Petricevic's counsel that it intended to keep Petricevic's redirect testimony brief:

> THE COURT: I agree with that. And just to explain a little bit. The intent here is that rather than have redirect readdress the areas where [Petricevic] might want to explain or equivocate or otherwise elaborate upon, he'll just be given the opportunity to do so at his whim or desire as he sees fit, because it should be more efficient.
>
> . . . .
>
> And I think that that -- and the only other thing I'd point out is I did forewarn Mr. Rosenbaum that if we agree to this procedure, which we now have, I do intend to use my discretion under Hawaiʻi Rule of Evidence 611 fairly aggressively and broadly if need be to keep the redirect testimony very, very short.
>
> Mr. Rosenbaum, anything else, since I've sort of had the last word, I wanna give you the last opportunity.
>
> MR. ROSENBAUM: No, that's correct.

On the third day, there was continued cross-examination of Petricevic, followed by redirect examination, followed by

5

brief re-cross-examination. The Circuit Court then asked Petricevic's counsel whether he had any follow-up, to which he responded, "No, nothing further." Petricevic's attorney then identified Shin as his next witness, and the court released the jury for the day and went into recess. After the jury left, Petricevic's attorney then requested that he be allowed to introduce an email. The court said you can move in anything you want. However, Petricevic's counsel then asked to allow Petricevic back to testify further. At that point, the Circuit Court stated:

> THE COURT: No. No, you are done with him. You could have brought this up beforehand. No. He's not getting recalled. We've endured three days. That's plenty. You had plenty of opportunity, including after the Clay Chapman letter came in.

With respect to rebuttal, after the defense rested, Petricevic's counsel requested that Petricevic be recalled to the stand to present rebuttal evidence:

> MR. ROSENBAUM: Yes. We were just requesting rebuttal for [Petricevic] to speak to the -- some of the testimony of Abigail Siatuʻu and her lack of memory as to the schedule of the NBA basketball games and whether or not it was possible for her testimony to have been credible considering the schedule of those games.

The Circuit Court denied this request, stating:

> [T]he record should reflect that long before trial, as well as immediately before trial and during trial, all counsel agreed this would be a four- to six-day trial. We are now on day six.
>
> The record should also reflect that several days ago, in the earlier part of last week, I believe, I notified all counsel that Juror Number 2 has a doctor's appointment today and that to accommodate her schedule, we were going to be shutting off the evidence today at 1:30. So everybody's been aware from last week that the evidence would not go -- well, for today's purposes, we were going to let the jurors go at 1:30; we could not take any further evidence.
>
> The record will also -- is also very clear that [Petricevic] testified for three complete days. And he

testified about NBA games, videos, and the like. So this topic has been covered very thoroughly repeatedly by different witnesses.

If Mr. Rosenbaum wanted the Court to take judicial notice of something, such as when the NBA playoffs were or what days were Sundays back in May of 2019, he could have done so, but he did not do so.

. . . .

In light of those facts as well as the sequence of testimony in this case, under the *Takayama versus Kaiser Foundation Hospital* analysis, I agree with Mr. Rand that -- to put it in his words, I think you have to play your cards when you have them. The prosecution has already broached the issue at -- here in its case in chief.

And therefore, that's -- those are the reasons that I'm denying the rebuttal request.

Upon review of the entire record on appeal, we conclude that the Circuit Court did not err or abuse its discretion in declining to allow Petricevic to testify further, either after the completion of re-cross or as rebuttal testimony. See generally Hawaiʻi Rules of Evidence (**HRE**) Rule 611 (mode and order of testimony); see also Nelson v. Univ. of Haw., 97 Hawaiʻi 376, 384-85, 38 P.3d 95, 103-04 (2001); Takayama v. Kaiser Found. Hosp., 82 Hawaiʻi 486, 496-97, 923 P.2d 903, 913-14 (1996); Barbee v. Queen's Med. Ctr., 119 Hawaiʻi 136, 155-56, 194 P.3d 1098, 1117-18 (App. 2008).

(5) Petricevic argues that the Circuit Court erred in denying MIL 2 and MIL 4, allowing the introduction of HRE Rule 408 protected communications and evidence regarding an unrelated lawsuit against unrelated defendants.[2]

---

[2] HRE Rule 408 provides in relevant part:

**Rule 408. Compromise, offers to compromise, and mediation proceedings.** Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, or (3) mediation
(continued...)

The Circuit Court denied in part and granted in part MIL 2, making specific rulings that some communications were covered by HRE Rule 408, but others were not. However, at trial, Petricevic "opened the door" to the admission of certain text messages the Circuit Court initially deemed protected under HRE Rule 408. During direct examination, Petricevic began testifying about the text messages subject to the MIL 2 ruling, causing Defendants' counsel to interject:

> A. So I immediately -- so I learned about this on November 1st that he called my boss and left a message because I had listened to the message. And the message was innocuous enough. You know, saying just call me back. And I immediately text him like I know what you -- because, you know, I -- I had his still numbers like. And basically like I can't quote. I don't have it memorized. But that messages exist. But along the lines of like, you know, you just called my boss, I know what you're doing, like stop it.[3]
>
> MR. RAND: He just ran a stop sign, Your Honor.
>
> THE COURT: Okay. So, Mr. Rosenbaum, do you understand what Mr. Rand's objection is? We had an MIL ruling.
>
> MR. ROSENBAUM: Yes.

---

[2](...continued)
> or attempts to mediate a claim which was disputed, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations or mediation proceedings is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations or mediation proceedings.

[3] In the Order Re MIL 2, the Circuit Court ruled that the following text message was protected under HRE Rule 408:

> [Petricevic] to Shin (11/01/19 @ 11:22am) - This is Bosko. You just called my boss and left him a voicemail. He recorded it. He gave me the recording. He will not call you back or talk to you since everyone knows what the purpose of your call was. This is witness intimidation since I sued you. This is going into the complaint and the amended complaint will be filed. You just committed retaliation and witness intimidation. I now have recorded evidence of your conduct. This need to stop. I urge you to be reasonable and stop this and resolve this. The amended complaint will be filed soon.

. . . .

MR. RAND: I think he's opened the door.

THE COURT: I have no reason to disagree.

During cross-examination, Petricevic testified about the settlement negotiations between himself and Shin:

A. No. Actually, no. What I wanted, you know, for him to reimburse me for my damages. And if it was all about the money, I would have signed the apology letter and the letter that he wanted me to sign, where I would say that I'm -- withdraw all my allegations.

The only reason this case didn't settle is because I refused to sign that letter where I'm withdrawing my allegations, because I'm not going to settle my credibility for him to look better. That's the only reason we are here today, because I would not sign that letter where he's asking me to withdraw my allegations. That's the only reason we are here today.

THE COURT: So as far as I'm concerned, [Petricevic] is waiving any 408 protections. You're either going to continue down this road beyond what we've discussed, in which case the defense will as well, or you're going to stick to what was previously discussed.

You understand what I'm saying? In other words, we had motion in limine rulings, and I expanded upon those, including this morning.

MR. WILSON: And you were clear.

THE COURT: Those were clear. [Petricevic] is going beyond those topics. He's opened the door.

After the Circuit Court made it clear that Petricevic had waived his HRE Rule 408 protections, Petricevic continued to testify about the settlement negotiations, stating, "I could have settled. If I signed that letter of apology and withdrew all my allegations and, you know, I said everything was false, we could have settled. But I refused to do that." Defendants' counsel then admitted into evidence Defendants' Exhibit 47 containing the text messages subject to the MIL 2 ruling. Petricevic's counsel did not object to the admission of the text messages. We

9

conclude that Petricevic waived his objections to the admission of evidence regarding the settlement negotiations.

In MIL 4, Petricevic sought to exclude reference to his unrelated law suits. The supreme court has held:

> [C]onsonant with the principle that preservation of error is a necessary prerequisite for review of that error on appeal, when a motion in limine to exclude evidence is simply denied without a ruling on admissibility and the evidence is subsequently introduced by the opposing party during trial, a proper objection at that time is necessary to preserve the error for appellate review. Thus, as is generally true for appellate review of any issue, the failure to object to evidence introduced after denial of a pretrial motion in limine to exclude that same evidence will result in waiver of the objection on appeal.
>
> Nevertheless, . . . there [is] an exception to the general rule: objections need not be renewed if the prior ruling on the motion in limine amounted to an unequivocal holding concerning the issue raised. Where a hearing was held, counsel presented legal arguments, and the trial court ruled whether or not the challenged evidence would be admitted at trial, there is no necessity of further objection to preserve such error for appeal.

Kobashigawa v. Silva, 129 Hawaiʻi 313, 322, 300 P.3d 579, 588 (2013) (citations omitted and emphasis added).

Thus, when a trial court simply denies a motion in limine without ruling on the admissibility of the evidence at that time, an objection is necessary at trial to preserve the error for appeal. Id. (citing Lussier v. Mau-Van Dev., Inc., 4 Haw. App. 359, 394, 667 P.2d 804, 826-27 (1983)).

Here, the Circuit Court denied MIL 4 without making any rulings on the admissibility of evidence related to Petricevic's other lawsuits. The Circuit Court did not make an unequivocal holding regarding whether the evidence would be admitted at trial. At trial, Defendants' counsel cross-examined Petricevic about another lawsuit related to the reasons he left his employment with the Attorney General's office. Petricevic's

10

counsel did not object.  Petricevic's failure to object to the lines of questioning regarding his other lawsuit waived his assertion of error on appeal.

(6)  Petricevic argues that the Circuit Court erred in allowing the introduction of Petricevic's termination letter from Clay Chapman because the letter was inadmissible hearsay. However, even assuming that the admission of the termination letter into evidence was wrong, it was harmless error.  "The admission of hearsay testimony is harmless error when it is cumulative of legally admissible evidence showing the same fact." 5 AM. JUR. 2d *Appellate Review* § 659 (2024); Ko v. Adamus, No. CAAP-10-0000176, 2011 WL 5997051, at *1 (App. Nov. 30, 2011) (holding that even if the lower court erred in admitting hearsay testimony, the admission was harmless because the hearsay evidence was "merely cumulative and substantial evidence was presented to support the conclusion").  Here, the termination letter stated reasons for Petricevic's termination had already been established during an unopposed line of questioning in the cross-examination of Petricevic.  Accordingly, the admission of the termination letter itself was merely cumulative of the testimony already in evidence.

(7)  Petricevic argues that the Circuit Court plainly erred in the definition of "at-will employment" provided in jury instructions.  He asserts that the definition of "at-will employment" should have included that at-will employees cannot be terminated for improper reasons, such as for whistleblowing.  As Defendants point out, this instruction, Model Jury Instruction

No. 16.3, Hawaiʻi Civil Jury Instructions, 1999 ed., was provided by the agreement of the parties.  In addition, the jury instructions included instructions regarding the elements of Petricevic's whistleblower claim.  We conclude that the instructions as a whole were not "prejudicially insufficient, erroneous, inconsistent, or misleading."  See, e.g., Medeiros v. Choy, 142 Hawaiʻi 233, 239, 418 P.3d 574, 580 (2018).

For these reasons, the Circuit Court's September 10, 2021 Final Judgment is affirmed.

DATED: Honolulu, Hawaiʻi December 18, 2024.

On the briefs:

Bosko Petricevic,
Plaintiff/Counterclaim
Defendant-Appellant *Pro Se*

Richard M. Rand,
(Marr Jones & Wang)
for Defendants/
 Counterclaimants–Appellees.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge